**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Neang Leng

    v.                              Civil No. 05-cv-331-PB

United States Department
of Homeland Security

**REPORT AND RECOMMENDATION**

    Petitioner Neang Leng, an alien who is currently detained pending deportation, has filed a petition pursuant to 28 U.S.C. § 2255 in which he seeks to challenge an order of removal (document no. 1). For the following reasons, I recommend that the petition be dismissed for lack of jurisdiction.

*Standard of Review*

    In reviewing a *pro se* petition, this court must construe the pleading liberally and in favor of the *pro se* litigant. See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "The policy behind affording pro se litigants liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert.

denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the petitioner and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that *pro se* pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).  I apply this standard in reviewing Leng's petition.

## Background

Convicted in Colorado of first degree assault, Leng was sentenced to a term of imprisonment and is currently incarcerated at the New Hampshire State Prison.  In the instant petition, he appears to challenge a decision issued by the Board of Immigration Appeals ("BIA") denying his July 6, 2005 appeal of a removal order.  Although Leng has provided little factual or procedural history, he has attached to the petition a notice of briefing schedule addressed to him from the BIA.  The notice states that the BIA forwarded to him a copy of a decision by an

2

immigration judge and a transcript of the testimony of record. The notice further states that the BIA granted Leng until September 28, 2005 to submit a brief in support of his appeal and advised him that failure to file within the allotted time period may result in a summary dismissal of his appeal.  The record is silent at to whether Leng filed a brief or sought further administrative review.  He now brings the instant petition, filed on September 22, 2005, challenging the order of removal.

## Discussion

On May 11, 2005, Congress enacted the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005)("Real ID Act"), which became effective that same day.  The Real ID Act amended section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252 (2000), to place review of all final removal orders for both criminal and non-criminal aliens in the courts of appeals.  See Ishak v. Gonzales, 422 F.3d 22, 28 (1st Cir. 2005).

Section 106(a)(1)(B) amends INA § 242(a) and adds the following jurisdictional provision:

> (5) Exclusive Means of Review--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed

> with an appropriate court of appeals[1] in accordance
> with this section shall be the sole and exclusive means
> of judicial review of an order of removal entered or
> issued under any provision of this Act. . . .

REAL ID Act § 106(a)(1)(B)(5), Pub.L. No. 109-13, 119 Stat. at 310-11.  The REAL ID Act therefore divests district courts of jurisdiction over petitions for habeas corpus relief challenging a final order of removal.  See Hernandez v. Gonzales, No. 05-2128, 2005 WL 2254128 (1st Cir. Sept. 16, 2005).

Section 106(c) provides that if a habeas petition challenging a final administrative order of removal "is pending in a district court on the date of enactment" of the Real ID Act, "then the district court shall transfer the case . . . to the court of appeals for the circuit in which a petition for review could have been properly filed under [INA § 242(b)(2)]."  Ishak, 422 F.3d at 29 (citing REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005)).  "But there is no similar provision for the transfer of cases erroneously filed in district courts after the effective date."  Flores-Diaz v. United States,

---

[1] The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, 242(b)(2), 8 U.S.C. § 1252(b)(2). If Leng's immigration proceedings were completed in New Hampshire or Massachusetts, he should re-file the petition in the First Circuit Court of Appeals.

No. 2:05-CV-710-TS, 2005 WL 2456983 at *1 (D. Utah Oct 5, 2005)(where petition was not pending on May 11, 2005, district court lacked authority to transfer case to court of appeals and dismissed petition without prejudice to re-filing); accord Griffith v. Department of Homeland Security, No. 05-CV-0644S, 2005 WL 2338866, at *1 (W.D.N.Y. Sept. 21, 2005); Aime v. Department of Homeland Security, No. 05-CV-0544F, 2005 WL 1971894, at *1 (W.D.N.Y. Aug. 16, 2005); McDonald v. Mule, No. 05-CV-6367CJS (FE), 2005 WL 1971896 (W.D.N.Y. Aug. 9, 2005); Munoz v. Gonzales, No. 05 Civ. 6056 (SHS), 2005 WL 1644165 (S.D.N.Y. July 11, 2005).

In the instant petition filed with this Court on September 22, 2005, Leng does not appear to challenge his continued detention but only seeks review of a final order of removal. To the extent he challenges an order of removal within in the meaning of the Section 106(b) of the REAL ID Act, this Court has no jurisdiction to review the merits of the petition or to stay the order of removal. The sole and exclusive means to review an order of removal, such as the one challenged here, is through a

petition for review with the appropriate court of appeals.[2]  REAL ID Act, § 106(a)(1)(B).  Given that Leng's order of removal appears to be final[3], he must re-file the petition (and any requests for a stay of removal) with the First Circuit Court of Appeals or the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.

Because the petition was not pending on May 11, 2005, this Court does not have the authority to transfer this case to the court of appeals.  Accordingly, I conclude that this Court lacks jurisdiction to review Leng's petition and recommend that the

---

[2] INA, § 242(b)(1), as amended, 8 U.S.C. § 1252(b)(1), provides that "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal."

[3] An order of removal becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first, unless the matter is certified to the BIA.  INA § 241(a)(5), 8 U.S.C.A. § 1251(a)(5); 8 C.F.R. § 1003.39.  See also Popal v. Gonzales, 416 F.3d 249, 252 n.1 (3d Cir. 2005)(an immigration judge's order may become final either upon affirmance by the BIA or upon expiration of the period for review – although ordinarily an order that becomes final via the latter method will be unreviewable for failure to exhaust).  The BIA granted Leng until September 28, 2005 to file a brief in support of his appeal and notified him that his failure to do so may result in summary dismissal of his appeal.  See 8 C.F.R. § 1003.1(d)(2)(i)(E) (permitting the BIA to summarily dismiss any appeal where the petitioner fails to file a brief in support of his appeal or fails to reasonably explain his failure to file within the prescribed time period for filing an appeal.  It appears therefore that Leng has waived his right to appeal or the appeal period has expired.

petition be dismissed without prejudice to re-filing.

## Conclusion

For the reasons stated above, I recommend that the petition be dismissed without prejudice to re-filing in the First Circuit Court of Appeals or the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the petition.  If the petitioner disagrees with the identification of the claims herein, he must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the petition.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete,

792 F.2d 4, 6 (1st Cir. 1986).

                                        /s/ James R. Muirhead
                                        James R. Muirhead
                                        United States Magistrate Judge

Date: October 17, 2005

cc:    Neang Leng, *pro se*